UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RANDALL S. BRAGG, et al.

      Plaintiffs,

vs.

BILL HEARD CHEVROLET,
INC.-PLANT CITY, et al.

      Defendants.

**CLASS REPRESENTATION**

Case No.: 8:02-CV-609-T-30EAJ

---

ORDER OF PRELIMINARY
APPROVAL OF SETTLEMENT AGREEMENT

The parties to this action have moved pursuant to Rule 23, Fed. R. Civ. P., for an order

approving a proposed settlement of the action in accordance with their Settlement Agreement,

filed with the Court on November 28, 2005.   The Settlement Agreement, together with its

exhibits thereto, sets forth the terms and conditions for the proposed settlement of the action and

for dismissal of the action with prejudice upon the terms and conditions set forth in the

Settlement Agreement.

The Court has reviewed and considered the parties' submissions.   Based on its review of

these materials, **IT IS HEREBY ORDERED THAT**:

1.     For purposes of settlement only, the Court preliminarily approves the Settlement

Agreement dated August 4, 2005 as fair, adequate and reasonable, and conditionally certifies the

following Settlement Class:

> All persons who have, within the class period: (i) purchased a vehicle from Bill Heard
> Chevrolet, Inc. – Plant City or (ii) attempted to purchase a vehicle from Bill Heard

Chevrolet – Plant City and signed a retail installment sales contract (RISC) to obtain financing, but the RISC was not ultimately funded by a finance company.

The terms and requirements of the Settlement Agreement are hereby incorporated into, and made a part of, this Order.

Based on the agreement of the Parties and the Court's independent review of the class certification papers and evidence submitted by each side, and without making any findings as to the merits of Plaintiffs' claims, the Court finds sufficient record evidence that the requirement of Rule 23 are satisfied for the purposes of approving the Settlement Agreement and conditionally certifying this Settlement Class:

**Numerosity**

Numerosity is satisfied on this record, based on the stipulation of the parties.

**Commonality**

The Court finds that the commonality requirement is satisfied, for purposes of approving the Settlement Agreement and conditionally certifying the Settlement Class. Commonality requires an assessment of whether the plaintiff's claims raise <u>at least one</u> question of law or fact common to Class.

**Typicality**

The Court finds that the typicality requirement is satisfied, for purposes of approving the Settlement Agreement and conditionally certifying the Settlement Class, based on the similarity of Plaintiffs' claims with those of the putative class.

**Adequacy**

The Court finds that the Adequacy requirement is satisfied, for purposes of approving the Settlement Agreement and conditionally certifying the Settlement Class, based on Plaintiffs' deposition testimony and the unquestioned adequacy of Class Counsel.

## Rule 23(b)(3) Requirements

The Court also finds that the requirements of Rule 23(b)(3) have been satisfied, for the purposes of approving the Settlement Agreement and conditionally certifying the Settlement Class.

The Court also finds for the purposes of approving the Settlement Agreement and conditionally certifying the Settlement Class that class treatment via a class-wide settlement is superior to individual litigation of the claims of the putative class members.

2.      Pursuant to Rule 23(c), Fed. R. Civ. P., the Named Plaintiffs are appointed as Class Representatives for Settlement purposes only and plaintiffs' counsel are appointed as Class Counsel.

3.      A final Fairness Hearing shall be held on ___FRIDAY, JUNE 16, 2006, AT 10:00 AM___, ~~2006~~, before the Honorable James S. Moody, Jr., Courtroom No. 1330, Sam M. Gibbons U.S. Courthouse, Tampa, Florida 33602, in order (a) to determine whether the Class should be permanently certified pursuant to Rule 23, to determine whether the Settlement is fair, reasonable, adequate and in the best interests of the Named Plaintiffs and the Class and should be approved by the Court; and whether the Class has been adequately represented in the action and the proposed Settlement; (b) to determine whether an order and final judgment dismissing the action with prejudice and releasing the settled claims should be entered; (c) to approve an award of attorneys' fees and expenses to plaintiff's counsel; and (d) to consider such other matters as the Court may deem appropriate.

4.      The Court finds that the notice required by Rule 23(c) shall be given to the class members, which is certified as an opt-out class action pursuant to Rule 23(c)(2).  The court further finds that the giving of notice substantially in the manner set forth as Exhibit F to the

Settlement Agreement satisfies the requirements of Rule 23 and due process, as the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto. The Court further approves the Official Claim Form set forth as Exhibit G to the Settlement Agreement as fair, adequate and reasonable to satisfy the requirements of Rule 23 and due process.

5.      The Court further directs that within 60 days after the date on which this Order is entered, the Named Plaintiffs shall cause to be mailed, in the name of the Court, the Notice and Official Claim Form, by regular mail in an envelope bearing the return Post Office address of the Claims Administrator, to each Class Member identified by Bill Heard Chevrolet as possibly qualifying as a member of the Settlement Class. Notices will be sent to the extent the name and address can be determined from Bill Heard Chevrolet's records and shall be provided to the Claims Administrator, and shall remain confidential.

6.      Any member of the Settlement Class who objects to the approval of this Agreement may appear at the Fairness Hearing, and show cause why all terms of the proposed settlement called for by this Agreement should not be approved as fair, reasonable and adequate and why a judgment should not be entered thereon.

7.      Any objections to final approval of the Settlement or any petition to intervene in the Litigation by a Class Member must be in writing, and must include (1) proof that the objector or intervener is a Class Member as defined in the Settlement Agreement; (2) a statement of each objection being made; (3) a detailed description of the facts underlying each objection; (4) a detailed description of the legal authorities underlying each objection, if any; (5) a list of witnesses who may be called to testify at the Fairness Hearing, either live or by deposition or by affidavit, if any; and (6) a list of exhibits, along with copies of the exhibits, that the objector may

offer during the Fairness Hearing, if any. All these documents must be both filed with the Court and delivered to the attorneys for the Named Plaintiffs and Bill Heard Chevrolet no later than 60 days following the mailing of the Class Notice as set forth above;

8.      No person shall be entitled in any way to contest the approval of the terms and conditions of the Settlement Agreement or the proposed final judgment, except by filing and serving written objections in the manner set forth herein.

9.      Any member of the class who fails to opt out or object in the manner prescribed in this Agreement shall be deemed to have waived, and shall be foreclosed forever from raising any objections to the settlement or asserting claims arising out of, relating to, or based in whole or part on any of the facts or matters alleged, or which could have been alleged, or which were otherwise at issue in the Litigation.

10.      The Court reserves the right to approve the Settlement with such modification as may be consented to by the parties and without further notice to the members of the Class.

11.      All discovery and other pretrial proceedings in the Litigation, except for such proceedings ordered by the Court with respect to approval of the Settlement, are stayed and suspended until further order of the Court. Pending the final determination of whether the Class shall be permanently certified and the Settlement should be approved, no member of the Class may institute, commence, prosecute, or continue, directly, representationally, individually, derivatively, on behalf of the Class, or in any other capacity, any action or other proceeding asserting any claim that is a settled claim.

12.      If (a) the Court declines, in any respect, to enter the Order and Final Judgment provided and any of the parties fail to consent to the entry of another form of order in lieu

thereof; or (b) the Court disapproves the Settlement proposed in the Agreement, including any amendments thereto agreed upon by all of the parties; or (c) the Court approves the Settlement proposed in the Agreement, including any amendments thereto approved by all of the parties, but such approval is reversed on appeal or petition for writ of certiorari and such reversal becomes final by a lapse of time or otherwise, then the Agreement, including any amendment thereof, shall be of no further force or effect and the Agreement and any amendment therefore and the Settlement proposed therein shall be null and void without prejudice to any party thereto and may not be introduced as evidence or referred to in any proceedings, and each party shall be restored to his, her or its respective position as it existed prior to the execution of the Agreement. Furthermore, if more than 50 members of the Class elect to opt-out of the Settlement, the Defendant shall have the right to terminate this Settlement and it shall be null and void without prejudice to any party thereto and may not be introduced as evidence or referred to in any proceedings, and each party shall be restored to his, her or its respective position as it existed prior to the execution of the Agreement.

13.     The Agreement and all negotiations, statements, proceedings, and documents related to it are not, and shall not be construed to be, an admission by any of the parties respecting the validity or invalidity of any of the claims asserted in the Action, or of the liability of any party with respect to any such claims or any alleged wrongdoing whatsoever, and shall not be offered by any party or person for any evidentiary purpose, including as an admission of any such liability or wrongdoing or for the validity or invalidity of any such of the claims in the Action or any other action.

14.    Subject to the terms of the Agreement, Defendant shall assume the administrative responsibility of printing and mailing the Notice to the Class and utilize AB Data, a third party administrator for doing so.

DONE AND ORDERED in Tampa, Florida this ____9____ day of ____Dec.____, 2005.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE


Copies furnished to:
All Counsel of Record